George ANDREWS, J.,
delivered the opinion of the Court.
The indictment charges that the defendant, on the 1st day of June, 1868, and before and since that time, in, etc., was a butcher, engaged in selling meats by retail; and being such butcher, did fail and refuse, and still fails and refuses, to pay the privilege tax, due to the State and the County of Hamilton, required by law, in violation of the Act of March 13, 1868, 'p. 100.
The Act recited in the indictment, provides, sec. 5, “That all persons engaged in the following pursuits, shall obtain an annual license from the Clerk of the County Court, and pay the taxes herein provided.” Among those persons who by this section are required to take out license, are, “all butchers whose business it is to sell.” The failure to take out such license, is nowhere declared to be a misdemeanor.
This defendant is not indictable for the failure to take out a license.
The Code, section 4596, declares, that, “When the performance of any act is prohibited by statute, and no penalty for the violation of such statute is imposed, the doing of such act is a misdemeanor.”
The Code, in various sections, prescribes the occupations, which it declares shall not be pursued without a license; and in section 704, declares, that, if any per *559 son shall presume to sell goods, or to exercise any privilege, without obtaining the prescribed license, the clerk shall issue to the sheriff, or to any constable, a distress warrant, commanding him to levy, in case of a privilege, a tax double the highest tax imposed upon any privilege, by distraining and selling the delinquent’s goods.
Butchers were not required, by the Code, to obtain a license; but we have no hesitation in holding, that, when, by the Act of 1868, butchers were required to take out licenses, they became subject to the same rules, regulations, and penalties, prescribed in regard to licenses by the Code.
As, therefore, the penalty of a double tax, to be collected by distress, is, by the general law of the State, imposed upon those who pursue certain avocations without the required license, these cases are not within the terms of section 4596, of the Code, which only applies to violations of the law, where no penalty is imposed by the statute.
Yarious misdemeanors are declared by the Code, in connection with the system of taxation, consisting mostly in dereliction of duty on the part of officers. But it nowhere declares that pursuing an avocation, for which a license is required, is indictable, except in the single instance of .the sale of liquors, which it was evidently designed should be under strict police regulations. By section 4857, it is expressly declared to be a misdemeanor to sell liquor without a license; and the express declaration of the statute, in reference to this particular delinquency, is a strong argument that it was *560 not intended that the same quasi criminal character should attach to delinquency in regard to other avocations.
The same argument is drawn from the provisions of the Act of 1868, under which this indictment is found; section 3 of which expressly declares it to be a misdemeanor in any insurance agent, to take risks, until the deposit of bonds required by that section shall have been made; while no such provision is made in regard to any of the occupations mentioned in section 5.
The Act of 1868, above cited, is entitled “An Act to amend the Revenue Laws of this State/’ and the first section of the Act is, in terms, an amendment of An Act having the same title, passed May 24, 1865.
The Act of 1865, modifies the revenue law as found in the Code, in various particulars, and declares sundry new privileges; but provides no new remedies or penalties, except in the case of lawyers and physicians, whose occupations are declared privileges, and who are made liable to a double tax for failing to take out a license; and of photographers, who are declared. to be guilty of a misdemeanor in opening a gallery without paying the tax imposed by the Act.
This Act also provides, section 12, “that all the laws of the State upon the subject of taxes, except as altered or repealed by this Act, are still in full force and effect.”
The Act of 1868, declares no penalties or forfeitures for failing to take out a license, or for exercising a privilege without a license, except in a case of insurance agents; and provides no remedy by distress *561 •warrant or otherwise, for the enforcement of the privilege tax. It declares, that, “all persons engaging in the following pursuits, shall obtain an annual license from the Clerk of the County Court, and pay the taxes herein provided/5 but does not repeat in terms, the express prohibition of the Code, section 550, that the specified callings shall not be pursued without a license.
The general scope of the Act of 1868, and of that of 1865, are the same; and both are modifications and extensions of the general Revenue Law of the State, found in the Code.
The Acts of 1865 and. 1868, are, in terms, and in substance, amendatory Acts, altering, amending, and extending the general provisions of the Revenue Law of the State as found in the Code, but making these alterations and amendments in matters of specific detail only, and strictly in pursuance of the general system as laid down in the Code.
The general provisions of the Code in regard to issuing licenses, and to the collection and enforcement of privilege taxes, are not in terms, repealed by these acts; and they do not purport to provide a- general revenue system as a substitute for that laid down in the Code, but only to amend and extend these provisions in matters of detail. Repeals by implication, are not favored; and it was the obvious intention of the Legislature to declare new privileges and different rates of taxation in certain specified cases, but to leave the general provisions of the existing law, in regard to the *562 collection and enforcement of such taxes in full force; Sedgw. on Const. Law, 127.
I think it clear, therefore, that, in the enactment of the amendatory statutes of 1865 and 1868, the Legislature intended to leave the remedy by distress warrant, against a person who presumes to exercise a privilege without a license, in force; and that this remedy is applicable as well to the privileges declared by these amendatory Acts, as to the privileges mentioned in the Code. It can hardly be presumed, in the absence of express declaration to that effect, that the Legislature intended to provide a totally different system of remedies in the- two classes of cases, leaving the one subject to the remedy by distress merely, and making cases arising under the other, though of precisely similar nature, the subject of indictment.
We think that the sixteenth section of the Act of 1868, in declaring certain acts to be misdemeanors, has reference only to the provisions of that section, and is not intended to declare all failures to take out license to be misdemeanors.
There being no statute in existence, under which the acts charged against the defendant were indictable, the action of the Circuit Court in quashing the indictment was correct, and the judgment will be affirmed.